16-867
Genego v. Barr

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

_____

August Term, 2018

(Argued: January 9, 2019                    Decided: May 2, 2019)

Docket No. 16-867

_____

KWEI GENEGO, aka CYRIL GENEGO,

*Petitioner*,

v.

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,

*Respondent*.

_____

Before: CALABRESI and POOLER, *Circuit Judges*, and RAMOS, *District Judge*.[1]

---

[1] Judge Edgardo Ramos, United States District Court for the Southern District of New York, sitting by designation.

Kwei Genego, a native and citizen of Ghana, seeks review of a February 24, 2016, decision of the Bureau of Immigration Affairs ("BIA") affirming a March 9, 2015, decision of an immigration judge ordering his removal. *In re Kwei Genego*, No. A047 376 145 (B.I.A. Feb. 24, 2016), *aff'g* No. A047 376 145 (Immig. Ct. Hartford Mar. 9, 2015). The sole basis for the removal order is Genego's Connecticut conviction for third-degree burglary, which the BIA determined was a crime of violence as defined in 18 U.S.C. § 16(b). Subsequently, the Supreme Court handed down its decision in *Sessions v. Dimaya* finding 18 U.S.C. § 16(b) unconstitutionally vague and thus void. 138 S. Ct. 1204 (2018). Section 16(b) was the only ground for Genego's removal. On January 10, 2019, this Court filed an order granting Genego's petition for review, terminating all removal proceedings, and indicating an opinion would follow.

Petition granted.

_____

NANCY E. MARTIN, Collins & Martin, P.C. (Anthony D. Collins, *on the brief*), Wethersfield, CT, *for Petitioner Kwei Genego*.

SONG E. PARK, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of

Justice, Civil Division (Joseph H. Hunt, Assistant Attorney General; Cindy Ferrier, Assistant Director, *on the brief*), Washington, DC, *for Respondent William P. Barr.*

VALERIE CAHAN, Hughes Hubbard & Reed LLP (Vilia B. Hayes, Sarah L. Cave, Karen M. Chau, *on the brief*), New York, NY, *amicus curiae in support of Petitioner.*

POOLER, *Circuit Judge*:

Kwei Genego, a native and citizen of Ghana, seeks review of a February 24, 2016, decision of the Bureau of Immigration Affairs ("BIA") affirming a March 9, 2015, decision of an immigration judge ordering his removal. *In re Kwei Genego*, No. A047 376 145 (B.I.A. Feb. 24, 2016), *aff'g* No. A047 376 145 (Immig. Ct. Hartford Mar. 9, 2015). The sole basis for the removal order is Genego's Connecticut conviction for third-degree burglary, which the BIA determined was a crime of violence as defined in 18 U.S.C. § 16(b). Subsequently, the Supreme Court handed down its decision in *Sessions v. Dimaya* finding 18 U.S.C. § 16(b) unconstitutionally vague and thus void. 138 S. Ct. 1204 (2018). Section 16(b) was the only ground for Genego's removal. On January 10, 2019, this Court filed an

3

order granting Genego's petition for review, terminating all removal proceedings, and indicating an opinion would follow.

**BACKGROUND**

Genego, a native and citizen of Ghana, is a lawful permanent resident of the United States. He immigrated to the United States in 2001, when he was 11 years old, and lives with his parents in Connecticut. Genego's mother is a naturalized citizen, and his father is a lawful permanent resident. In October 2011, Genego pled guilty to burglary in the third degree in violation of Section 53(a)-103 of the Connecticut General Statutes, which provides that "[a] person is guilty of burglary in the third degree when he enters or remains unlawfully in a building with intent to commit a crime therein." Conn. Gen. Stat. § 53(a)-103.

Genego was placed in removal proceedings, charged with being deportable as an "alien . . . convicted of an aggravated felony . . . after admission." 8 U.S.C. § 1227(a)(2)(A)(iii). The Notice to Appear alleged that Genego's conviction was an aggravated felony because it fell into the categories of either (1) "a theft offense . . . or burglary offense for which the term of

imprisonment [is] at least one year," 8 U.S.C. § 1101(a)(43)(G); or (2) a "crime of violence" within the meaning of 18 U.S.C. § 16, *see* 8 U.S.C. § 1101(a)(43)(F).

Genego denied removability and moved to terminate the removal proceedings, challenging both grounds for deportation. On March 10, 2014, an immigration judge ordered Genego removed to Ghana, finding his conviction constituted both an aggravated burglary offense and a crime of violence as set forth in the Notice to Appear. Genego filed a timely appeal to the BIA. On October 2, 2014, the BIA reversed the immigration judge's order. The BIA found that the government failed to meet "its burden of demonstrating by clear and convincing evidence that [Genego] is removable for having been convicted of an aggravated felony burglary offense, as defined in section 101(a)(43)(G) of the Act." Administrative Record at 142. The BIA also found that the immigration judge erred in analyzing Genego's removability under Section 16(b). It remanded the matter so that the immigration judge could determine, in the first instance, whether the government demonstrated "that 'in the ordinary case,' a violation of CGSA § 53a-103 presents a substantial risk of the use of physical force against the

5

person or property of another, as necessary to find that [Genego] was convicted of a crime of violence aggravated felony." Administration Record at 144.

On March 9, 2015, the immigration judge again ordered Genego removed. The immigration judge determined that Genego's conviction constituted a crime of violence under the residual clause of Section 16(b) because "in the ordinary case, violation of the statute arises from the destructive application of force to the person or property of another." Administrative Record at 94. Genego again appealed to the BIA. On February 24, 2016, the BIA affirmed the immigration judge's decision and dismissed the appeal, agreeing that Connecticut General Statue § 53a-103 is a crime of violence as defined in Section 16(b).

Genego timely petitioned this Court for review. We stayed the appeal pending the Supreme Court's decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). On April 17, 2018, the Supreme Court decided *Dimaya* and struck Section 16(b) as unconstitutionally vague. *Id.* at 1210. The parties in this matter then filed letter briefs, and oral argument was held on January 9, 2019. We issued an order on January 10, 2019, granting the petition and vacating the order of removal, with this opinion to follow.

**DISCUSSION**

Whether Genego's third-degree burglary conviction (Connecticut General Statute § 53a-103) is a crime of violence aggravated felony is a question of law over which we have jurisdiction. *Vargas-Sarmiento v. U.S. Dep't of Justice*, 448 F.3d 159, 164 (2d Cir. 2006). Our review is de novo. *Id.* at 165.

The October 2, 2014 decision of the BIA left only one ground for Genego's removal: the finding that he committed a "crime of violence" within the meaning of Section 16(b). A "crime of violence" is defined in Section 16(b) "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16(b). The Supreme Court found that Section 16(b) contained both "an ordinary-case requirement and an ill-defined risk threshold," which "invited arbitrary enforcement[] and failed to provide fair notice." *Dimaya*, 138 S. Ct. at 1223 (internal quotation marks omitted). It thus "produces more unpredictability and arbitrariness than the Due Process Clause tolerates," rendering it unconstitutionally vague and thus void. *Id*. (internal quotation marks omitted).

7

As the government concedes, the only basis for Genego's removal is the finding that his conviction was a crime of violence within the meaning of Section 16(b). Nevertheless, the government urges remand to the BIA so that the BIA could determine the impact of *Dimaya* on Genego's case in the first instance. We decline that invitation: the question is one of law, well within this Court's purview.

The government is correct that in most circumstances, granting the petition would result in remand with instructions to the BIA to terminate Genego's removal proceedings. *See INS v. Orlando Ventura*, 537 U.S. 12, 16 (2002) ("Generally speaking, a court of appeals should remand a case to an agency for decision of a matter that statutes place primarily in agency hands."). But "[r]emand is unnecessary if it would be pointless or futile, such as where there is an alternative and sufficient basis for the result, the error is tangential to non-erroneous reasoning, or the overwhelming evidence makes the same decision inevitable." *See De La Rosa v. Holder*, 598 F.3d 103, 108 (2d Cir. 2010); *see also NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 766 n.6 (1969) (noting that when "there is not the slightest uncertainty as to the outcome of a proceeding[,] . . . it would

be meaningless to remand."). Here, the BIA already concluded Genego was not removable based on 8 U.S.C. § 1101(a)(43)(F). The government identifies no other basis for removability. And this case was argued during the recent government shutdown, which exacerbated the backlog of immigration cases.[2] We thus chose to simply order the removal proceedings terminated.

## CONCLUSION

As the Supreme Court's holding in *Dimaya* makes pellucidly clear that Genego is no longer subject to removal proceedings, we (1) grant the petition for review, (2) vacate the order of removal, and (3) terminate the removal proceedings. The Government's motion to file a late brief is hereby GRANTED nunc pro tunc.

---

[2] *See, e.g.*, Transactional Records Access Clearinghouse, Syracuse Univ., Cancelled Immigration Court Hearings Grows as Shutdown Continues (Jan. 14, 2019), *trac.syr.edu/immigration/reports/543/* (documenting backlog in immigration courts, both before and during the shutdown).