18-842-ag
Jack v. Barr

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

August Term, 2019

(Submitted: April 16, 2020          Decided: July 16, 2020)

Docket Nos. 18-842-ag;
18-1479-ag

———————————————————

JERVIS GLENROY JACK, AKA JACK BROWN, AKA JERVIS
GLENROY, AKA JERVIS JACK,

*Petitioner*,

v.

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,

*Respondent*.

———————————————————

OUSMANE AG,

*Petitioner*,

v.

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,

*Respondent*.

———————————————————

Before:

LIVINGSTON, LOHIER, and NARDINI, *Circuit Judges*.

In these tandem cases, Jervis Glenroy Jack and Ousmane Ag each petition for review of decisions of the Board of Immigration Appeals (BIA) ordering them removed based on their New York firearms convictions. See 8 U.S.C. § 1227(a)(2)(A)(iii), (a)(2)(C). We principally conclude that the statutes of conviction, sections 265.03 and 265.11 of the New York Penal Law, criminalize conduct involving "antique firearms" that the relevant firearms offense definitions in the Immigration and Nationality Act do not. This categorical mismatch precludes the petitioners' removal on the basis of their state convictions. We therefore **GRANT** the petitions, **VACATE** the decisions of the BIA, and **REMAND** both causes to the agency with instructions to terminate removal proceedings.

Nicholas J. Phillips, Joseph Moravec, Prisoners' Legal Services of New York, Buffalo, NY; Alan E. Schoenfeld, Wilmer Cutler Pickering Hale and Dorr LLP, New York, NY, *for Jervis Glenroy Jack, Petitioner in No. 18-842-ag*.

Stephanie Lopez, Neighborhood Defender Service of Harlem, New York, NY; Alan E. Schoenfeld, Andrew Sokol, Beezly J. Kiernan, Wilmer Cutler Pickering Hale and Dorr LLP, New York, NY, *for Ousmane Ag, Petitioner in No. 18-1479-ag*.

Dana M. Camilleri, Trial Attorney, Anthony P. Nicastro, Assistant Director, Office of Immigration Litigation, *for* Joseph H. Hunt, Assistant Attorney General, Civil Division, United States Department of Justice, Washington, D.C., *for William P. Barr, United States Attorney General, Respondent in No. 18-842-ag*.

Allison Frayer, Trial Attorney, Melissa Neiman-Kelting, Assistant Director, Office of Immigration Litigation, *for*

Joseph H. Hunt, Assistant Attorney General, Civil Division, United States Department of Justice, Washington, D.C., *for William P. Barr, United States Attorney General, Respondent in No. 18-1479-ag*.

PER CURIAM:

In these tandem cases, Jervis Glenroy Jack and Ousmane Ag each petition for review of a decision of the Board of Immigration Appeals (BIA) finding them removable for having been convicted of a firearms offense, 8 U.S.C. § 1227(a)(2)(C), and also, in Jack's case, for having been convicted of a firearms trafficking aggravated felony, 8 U.S.C. §§ 1101(a)(43)(C), 1227(a)(2)(A)(iii). On appeal, both Jack and Ag argue that the BIA should have granted their motions to terminate the removal proceedings against them because the New York statutes of conviction apply to conduct that is not a removable offense under federal law. We agree. For the reasons that follow, we grant the petitions, vacate the BIA's decisions, and remand the causes to the agency with instructions to terminate removal proceedings against both Jack and Ag.

## BACKGROUND

Although these tandem cases come to us in slightly different procedural postures, they present the same material facts and legal issues. In 2017 Jervis Glenroy Jack, a lawful permanent resident of the United States, was charged as

3

removable under two provisions of the Immigration and Nationality Act (INA), 8 U.S.C. § 1227(a)(2)(A)(iii) and 8 U.S.C. § 1227(a)(2)(C), for having been convicted of a firearms offense and a firearms trafficking aggravated felony. The basis of the charges was Jack's conviction in state court of criminal sale of a firearm in the third degree in violation of New York Penal Law § 265.11(2), and attempted criminal possession of a weapon in the second degree in violation of New York Penal Law § 265.03. In 2016 Ousmane Ag, also a lawful permanent resident of the United States, was charged as removable under 8 U.S.C. § 1227(a)(2)(C) for having been convicted of a firearms offense. In Ag's case the specific offense of conviction was criminal possession of a weapon in the second degree, in violation of New York Penal Law § 265.03(3).[1]

Both Jack and Ag moved to terminate removal proceedings, arguing that their New York firearms convictions did not qualify as INA offenses under § 1227(a)(2)(C) and, in Jack's case, § 1227(a)(2)(A)(iii). Immigration Judges (IJs) denied the motions to terminate in both cases after concluding that Jack and Ag

---

[1] Ag was also initially charged as removable under 8 U.S.C. § 1227(a)(2)(A)(i) and (ii) for having been convicted of a crime involving moral turpitude based on a separate 2008 conviction. The Government later withdrew the charge under § 1227(a)(2)(A)(ii), and the IJ did not sustain the charge under § 1227(a)(2)(A)(i). Those decisions are not at issue in this appeal.

had failed to show a realistic probability that New York would prosecute these firearms offenses in cases that extended beyond the federal definition of removable offenses. The BIA affirmed. In re Jervis Glenroy Jack, No. A055 568 782 (B.I.A. Feb. 26, 2018), aff'g No. A055 568 782 (Immig. Ct. Fishkill Oct. 4, 2017); In re Ousmane Ag, No. A099 120 565 (B.I.A. Apr. 19, 2018), aff'g A099 120 565 (Immig. Ct. N.Y.C. Nov. 8, 2017), and A099 120 565 (Immig. Ct. N.Y.C. May 11, 2017).[2] Jack and Ag timely petitioned for review.

In the meantime, in Hylton v. Sessions, 897 F.3d 57 (2d Cir. 2018), we addressed the categorical approach and the realistic probability test in determining whether state convictions qualify as removable offenses under the INA. The Government then moved to remand both pending cases to allow the BIA to apply Hylton in the first instance. Although we denied the motions to remand, we held resolution of these petitions pending the decision in Williams v. Barr, 960 F.3d 68 (2d Cir. 2020), which considered whether a Connecticut firearms statute qualified as a firearms offense under the INA.

---

[2] The agency also denied Ag's applications for asylum, cancellation of removal, withholding of removal, and relief under the Convention Against Torture. Ag does not challenge denial of those forms of relief.

Williams dictates the outcome in each of these cases, and we therefore grant the petitions and vacate the BIA's decisions.

DISCUSSION

1. The Categorical Approach

We review de novo the legal question whether a state conviction is a categorical match to the ground of removability asserted by the agency under the INA. 8 U.S.C. § 1252(a)(2)(C)–(D); see Hylton, 897 F.3d at 60. Even now, the Government insists that the BIA should be permitted to apply Hylton in the first instance. But remand is unnecessary where, as here, the only question before us "is one of law, well within this Court's purview." Genego v. Barr, 922 F.3d 499, 502 (2d Cir. 2019).

Under the now-familiar categorical approach, a state conviction qualifies as a removable offense if "the state statute defining the crime of conviction categorically fits within the . . . federal definition." Moncrieffe v. Holder, 569 U.S. 184, 190 (2013) (quotation marks omitted). The approach requires that we "identify the minimum criminal conduct necessary for conviction under a particular statute by looking only to the statutory definitions—i.e., the

elements—of the offense, and not to the particular underlying facts.'' Hylton, 897 F.3d at 60 (quotation marks omitted).

On appeal, the petitioners again argue that their New York convictions under sections § 265.03[3] and § 265.11 of the New York Penal Law do not qualify as INA firearms offenses under § 1227(a)(2)(A)(iii) and § 1227(a)(2)(C) because of the "mismatch of their respective exceptions for conduct involving antique firearms." Williams, 960 F.3d at 71. We agree that the firearms statutes of conviction at issue in these cases do not categorically match the grounds of removability asserted by the BIA.

The New York statutes of conviction here criminalize the possession and sale of a "firearm." N.Y. Penal L. §§ 265.03, 265.11. The definition of "firearm" applicable to the state statutes of conviction for both Jack and Ag "does not include an antique firearm," which is defined to mean "[a]ny unloaded muzzle loading pistol or revolver" meeting certain specifications. N.Y. Penal L. § 265.00(3), (14) (emphasis added). Cf. Williams, 960 F.3d at 72. "In contrast, section 921(a)(3) of title 18, whose definition of 'firearm' the INA adopts,

---

[3] Because New York Penal Law sections 265.03(1)(a), (1)(c), and (2) are not relevant to our resolution of these petitions, we do not address the impact of a conviction under those provisions.

7

provides without reference to whether the firearm is loaded that the term 'firearm' . . . does not include an antique firearm." Williams, 960 F.3d at 73 (quoting 18 U.S.C. § 921(a)(3)) (cleaned up); see 8 U.S.C. §§ 1101(a)(43)(C), 1227(a)(2)(C); 18 U.S.C. § 921(a)(3), (a)(16).  The New York firearms statutes of conviction thus criminalize conduct involving loaded antique firearms, while the INA's removal provisions exclude loaded antique firearms.  "The state prohibition and INA offense definition therefore do not match."  Williams, 960 F.3d at 73.

This "textual difference" relating to antique firearms creates a categorical mismatch between the New York statutes and the INA's definition of a firearm. Id.  The mismatch is "fatal" to the BIA's decision that either of the petitioners' firearms convictions are removable offenses.  Id.

2.  The Realistic Probability Test

Without such a categorical match, Jack and Ag were not removable as charged.  Rather than concluding that this should be the end of its analysis under the categorical approach, the BIA proceeded to dismiss their appeals because they failed to show a "realistic probability" that New York would prosecute conduct involving loaded antique firearms that the federal statute did not cover.

8

See Gonzales v. Duenas-Alvarez, 549 U.S. 183, 193 (2007) (a petitioner must show "a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime.").

In doing so, the BIA applied the wrong legal standard and displayed a fundamental misunderstanding of the categorical approach. In Williams, we held that the realistic probability test applies only to statutes "of indeterminate scope" and "has no role to play in the categorical analysis . . . when the state statute of conviction on its face reaches beyond the . . . federal definition." Williams, 960 F.3d at 77–78 (quotation marks omitted); see Hylton, 897 F.3d at 63 ("The realistic probability test is obviated by the wording of [a] state statute[] [that] on its face extends to conduct beyond the definition of the corresponding federal offense."). As the Government acknowledges, the New York statutes at issue here facially reach conduct not covered by 8 U.S.C. § 1227(a)(2)(A)(iii) and § 1227(a)(2)(C). The BIA erred when it required the petitioners to show anything further.

CONCLUSION

Because the petitioners are not removable as charged, we GRANT the petitions, VACATE the decisions of the BIA, and REMAND both causes to the agency with instructions to terminate removal proceedings.